983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ilias S. NORMAN, also known as Alfrido Ration, Defendant-Appellant.
 No. 91-3908.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 20, 1992.
Decided Dec. 17, 1992.
 
 1
 Before KANNE, and ILANA DIAMOND ROVNER, Circuit Judges, and HUBERT L. WILL, Senior District Judge*.
 
 ORDER
 
 2
 This case involves an appeal from a sentencing order. The defendant was charged with one count of bank fraud and three counts of attempted bank fraud. The indictment alleged that the defendant engaged with others in a scheme to defraud various banks. Pursuant to a plea agreement, the defendant agreed to plead guilty to one count of bank fraud and one count of attempted bank fraud. The government in turn agreed to recommend that the total amount of money attempted to be stolen was $133,000, and that the actual amount of money unlawfully received was $75,000.
 
 
 3
 At sentencing, testimony reflected that the defendant had engaged in this scheme to defraud with at least two others by approaching them, training them and providing the stolen checks necessary for the scheme. The presentence report reflected that the defendant had personally participated in at least thirty attempted and completed bank frauds and had provided the checks used to conduct seven more bank frauds. The total amount involved in the various frauds conducted or attempted by all persons was between $693,854 and $1,115,154. Based on the testimony presented and the presentence report, the district court determined the amount of frauds attempted by the defendant to be in excess of $235,000.
 
 
 4
 The district court calculated the defendant's sentencing guideline range as follows:
 
 
 5
 Base offense level (U.S.S.G. § 2F.1(a)) 6
Specific offense characteristic
 (Amount of loss: $230,000 to $350,000
 U.S.S.G. § 2F1.1(b)(1)(I)) k8
More than minimal planning (U.S.S.G. § 2F1.1(B)(2)) k2
Role in the offense (U.S.S.G. § 3B1.1(c)) k2
Obstruction of justice (U.S.S.G. § 3C1.1) k2
 ----
TOTAL OFFENSE LEVEL 20
 
 
 6
 The defendant's criminal history was a Category III. Level 20, Category III produced a sentencing guideline imprisonment range of 41-51 months. The district court imposed a sentence of 46 months imprisonment, five years supervised release, $7,500 restitution and a $100 special assessment. The district court also ordered that the defendant be deported following his period of incarceration.
 
 
 7
 The defendant argues on appeal that the district court erred by applying U.S.S.G. § 1B1.3(a)(2), which applies to offenses for which the sentencing guidelines require grouping, to determine the scope of the defendant's relevant conduct in this bank fraud scheme. The defendant contends that the district court should instead have applied U.S.S.G. § 1B1.3(a)(1) because the fraud at issue in this case more closely resembles a bank robbery than a mail fraud scheme. The commentary to U.S.S.G. § 1B1.3(a)(2) suggests that multiple bank robberies would not be grouped for the purpose of determining relevant conduct.
 
 
 8
 However, subsection (a)(2) was indeed the proper "relevant conduct" section to apply because the crime involved--bank fraud--is the type for which the sentencing guidelines require grouping of multiple counts. The Sentencing Commission has chosen the general approach of grouping property crimes, including frauds, and excepts only robbery, burglary and extortion from this general approach. See U.S.S.G. § 3D1.2(d) and cmt.
 
 
 9
 U.S.S.G. § 1B1.3 prescribes the "relevant conduct" for determining the applicable base offense level, specific offense characteristics and adjustments to the offense level for all cases. Subsection (a)(2) provides that with respect to offenses for which § 3D1.2(d) requires grouping of multiple counts, the relevant conduct includes all acts that were part of the same course of conduct or common scheme or plan as the offense of conviction. U.S.S.G. § 3D1.2(d) in turn provides that all counts involving substantially the same harm shall be grouped together into a single group. Counts involve substantially the same harm when the offense level is determined largely on the basis of the total amount of harm or loss or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. Subsection (d) further mandates that offenses governed by § 2F1.1 are to be grouped. Bank fraud, as charged under 18 U.S.C. § 1344, is governed by § 2F1.1. Accordingly, bank fraud is clearly an offense for which the guidelines require grouping of counts, and for which relevant conduct includes all acts that were part of the same course of conduct or common scheme or plan.
 
 
 10
 Given the defendant's common objective of obtaining money by defrauding banks, the common means of executing the scheme, and the large number of fraud attempts, the acts that the district court attributed to the defendant were clearly part of a common scheme or plan. Accordingly, the district court's decision to aggregate the losses from the defendant's bank frauds was proper, and the district court properly included as relevant conduct all acts that were part of the same course of conduct, common scheme or plan as the offense of conviction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation